UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOWELL HARVARD,

                    Plaintiff,

          -against-

JOHN OR JANE DOE, M.D.;
SUPERINTENDENT, DOWNSTATE
CORRECTIONAL FACILITY,

                    Defendants.

20-CV-9838 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

       Plaintiff, currently incarcerated at Bare Hill Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that his right to privacy was violated at Downstate

Correctional Facility. By order dated December 4, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons discussed below,

the Court grants Plaintiff to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

       The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

The complaint contains the following allegations. On three separate occasions, in

"July/August" 2015, "March/April" 2016, and December 2018, Plaintiff was incarcerated at

Downstate Correctional Facility "for the purposes of reception to the New York State

Department of Corrections and Community Supervision." (ECF 1 ¶¶ 1-2.) Each time, Plaintiff was "forced to go through the medical assessment process," and was examined in "a curtained exam room" with "a curtained door," and instructed to remove all his clothing except for his boxers and socks. (*Id.* ¶ 3.) Because the "curtain door" was "left open," the "people who were passing by" could "see into the exam room" while Plaintiff was undressed and being examined, and other prisoners "in adjoining rooms" could hear Plaintiff's conversation with the doctor about Plaintiff's "medical history" and "protected medical information." (*Id.* ¶ 7.) The doctors examined Plaintiff's "eyes, ears, and throat," and listened to Plaintiff's heart, lungs, and chest. The doctors also had Plaintiff lie down on a table, and examined his abdomen and testicles. (*Id.* ¶ 8.)

Plaintiff distinguishes these experiences from medical examinations that he had when he was not incarcerated. In those situations, the examination was done in a private room, Plaintiff would be given a gown to wear, and the doctor would examine Plaintiff by moving the gown as necessary to have access to different parts of Plaintiff's body. (*Id.* ¶ 11.) Plaintiff alleges that he was "never informed of his right to refuse the physical examination." (*Id.* ¶ 4.) Plaintiff seeks $100,000 in damages "per occurrence." (*Id.* ¶ IV.) Named as Defendants are a John or Jane Doe doctor, and the Downstate Correctional Facility superintendent.

## DISCUSSION

### A.    Section 1983 and Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff' s rights. *See Iqbal*, 556 U.S. at 676(" Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." ). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff names as Defendants two John Doe doctors and the Downstate superintendent, but the complaint does not contain facts showing how these individuals were personally involved in the events giving rise to this complaint. The Court grants Plaintiff leave to amend his complaint to name individual defendants who were personally involved in the events giving rise to this action, and to provide facts to showing that those individuals violated his constitutional rights.

---

[2] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

B.      **Privacy Claim**

Plaintiff's assertions concerning the conditions under which he was examined and the disclosure of his confidential medical information implicate his rights under the Fourteenth Amendment Due Process Clause, which in some contexts protects against the unwanted disclosure of certain medical information. *See Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011); *Alsaifullah v. Furco*, No. 12-CV-2907 (ER), 2013 WL 3972514, at **5-8 (S.D.N.Y. Aug. 2, 2013). Although the right to confidentiality is not absolute, courts within this Circuit have accorded constitutional privacy protection to conditions that are "excruciatingly private and intimate in nature," such as HIV status and transsexualism. *See Matson*, 631 F.3d at 64, 69 (holding that fibromyalgia, although a serious condition, was not a fatal disease that "carr[ies] with it the sort of opprobrium that confers upon those who suffer from it a constitutional right of privacy as to that medical condition," and that revealing the condition of fibromyalgia would not "expose a person . . . to discrimination and intolerance."). *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (holding that protection is generally provided to serious medical conditions that, if disclosed, are likely to provoke hostility and intolerance from others); *Cummings v. Clinton Cnty. Legislature*, No. 14-CV-0281, 2014 WL 4265844, at *3 (N.D.N.Y. Aug. 26, 2014) ("When determining whether a particular condition justifies constitutional protection, courts examine whether the disease is contagious, or attributed to 'socially repugnant' conduct, and whether society as a whole views the disease as 'directly associated with any disease which might conceivably be characterized as loathsome.' . . . In this circuit, courts have accorded constitutional privacy protection only to a handful of medical conditions, including HIV, transsexualism, and sickle cell anemia.")

Plaintiff fails to allege that he suffers from any such conditions or that any of those conditions were the subject of any conversation during the medical examinations at issue.

5

Moreover, Downstate officials likely did not violate Plaintiff's federal constitutional rights when they allegedly failed to examine Plaintiff in private. This is because the Constitution does not guarantee that a medical examination of a prisoner must be conducted in private. *See, e.g. Rodriguez v. Heit*, No. 16-CV-0706, 2018 WL 3121626, at *6 (N.D.N.Y. Mar. 30, 2018) (correction officer's presence in a prison's medical examination room and a nurse's statements to the correction officer in that room during a prisoner's medical examination did not violate the prisoner's right to privacy), *report & recommendation adopted*, 2018 WL 2316687 (N.D.N.Y. May 22, 2018), *appeal dismissed*, No. 18-2844, 2019 WL 4780772 (2d Cir. Feb. 27, 2019), *cert. denied*, 140 S. Ct. 561 (2019); *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 219 (W.D.N.Y. 2003) ("The Eighth Amendment's right to be free from cruel and unusual punishment does not guarantee that plaintiff will receive any and all medical care in total privacy. . . . [And] [t]he fact that plaintiff's cellmate also was present [for his medical examination] is not sufficiently shocking or egregious as to amount to a constitutional violation [of substantive due process].").

Plaintiff also asserts that he was denied the right to refuse a medical screening. A prisoner's right to refuse medical treatment will not be honored "if legitimate penological interests require the prisoner to be treated." *Pabon v. Wright*, 459 F.3d 241, 252 (2d Cir. 2006). The State of New York has a "compelling interest in administering an effective [medical] screening program." *Jolly v. Coughlin*, 76 F.3d 468, 478 (2d Cir. 1996) (citing *Lareau v. Mason*, 651 F.2d 96, 109 (2d Cir. 1981)). And the Second Circuit has held that a correctional facility's failure to medically screen incoming prisoners violates the federal constitutional rights of those prisoners already held in that facility. *See Jolly*, 76 F.3d at 477. Thus, courts have allowed prison officials to conduct mandatory medical screenings. *See Boreland v. Vaughn*, No. 92-CV-0172,

1993 WL 62707, at \*4 (E.D. Pa. Mar. 3, 1993), *aff'd*, 22 F.3d 300 (3d Cir. 1994) (table decision).

Some courts have recognized that a prisoner may be exempt from medical screenings when such screenings conflict with the prisoner's religious beliefs. *See Jolly*, 76 F.3d at 474-82 (affirming district court's grant of a prisoner's application for a preliminary injunction arising from his confinement in "medical keeplock" after the prisoner refused tuberculosis screening on religious grounds); *Selah v. Goord*, 255 F. Supp. 2d 42, 52-56 (N.D.N.Y. Apr. 4, 2003) (granting preliminary injunction against a prisoner's confinement in a "tuberculin hold" after the prisoner refused tuberculosis screening on religious grounds ); *Reynolds v. Goord*, 103 F. Supp.2d 316, 337-45 (S.D.N.Y. 2000) (same).

Plaintiff alleges that prison officials did not inform him of his right to refuse a medical screening. But Plaintiff has articulated no reason, religious or otherwise, why he would have refused medical screening, nor can the Court find any authority for the proposition that prison officials are obliged to inform prisoners that they have a right to refuse a medical screening. Plaintiff simply asserts that if he had known that he could refuse, he would have refused. But that is not a recognized reason for a prisoner to be exempt from medical screening.

## C.    Statute of Limitations

The statute of limitations for claims under 42 U.S.C. § 1983 is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Claims under § 1983 generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff claims arise out of separate incidents occurring in 2015, 2016, and 2018. But Plaintiff delivered this complaint to prison officials for mailing to this Court on November 14, 2020, well beyond the events occurring in 2015 and 2016.[3]

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640. The Court therefore grants Plaintiff leave to file an amended complaint that pleads any facts showing that equitable tolling applies.

"Generally, a litigant seeking equitable tolling [of the statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.*, N.Y. C.P .L.R. § 204(a) (where commencement of an action has been stayed by court order), *id*. at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id*. at § 208 (plaintiff is disabled by infancy or insanity).

---

[3] *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001) (holding that under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials for mailing).

If Plaintiff files an amended complaint providing sufficient facts to state a claim under § 1983, he will also need to show why any claims arising in 2015 and 2016 should not be dismissed as untimely.

**D.     Leave to Amend**

Plaintiff is granted leave to amend his complaint to detail his claims and to show that his claims are timely or that the three-year statute of limitations should be equitably tolled in connection with events occurring in 2015 and 2016. Choose if needed; delete if not. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-9838 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:     January 20, 2021
           New York, New York

                                             _Louis L. Stanton_
                                             Louis L. Stanton
                                             U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.


                    -against-


_____

_____

_____
Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____
(Include case number if one has been
assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
    ☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State          Zip Code

Defendant 2:

First Name            Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State          Zip Code

Defendant 3:

First Name            Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State          Zip Code

Defendant 4:

First Name            Last Name           Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City              State          Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____