UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOWELL HARVARD,

              Plaintiff,

-against-

JOHN OR JANE DOE, M.D.;
SUPERINTENDENT, DOWNSTATE
CORRECTIONAL FACILITY,

              Defendants.

20-CV-9838 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is currently incarcerated at Bare Hill Correctional Facility, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights during his incarceration at Downstate Correctional Facility. By order dated January 20, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 26, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

    In his original complaint, filed against a John or Jane Doe doctor and the Downstate Correctional Facility superintendent, Plaintiff alleges that in 2015, 2016, and December 2018, he arrived at Downstate "for the purposes of reception to the New York State Department of Corrections and Community Supervision." (ECF 1 ¶¶ 1-2.) Each time, Plaintiff was "forced to go through the medical assessment process," and was examined in "a curtained exam room" with "a curtained door," and instructed to remove all of his clothing except for his boxers and socks. (*Id.* ¶ 3.) Because the "curtain door" was "left open," the "people who were passing by" could "see into the exam room" while Plaintiff was undressed and being examined, and other prisoners "in

adjoining rooms" could hear Plaintiff's conversation with the doctor about Plaintiff's "medical history" and "protected medical information." (*Id.* ¶ 7.) The doctors examined Plaintiff's "eyes, ears, and throat," and listened to Plaintiff's heart, lungs, and chest. The doctors also had Plaintiff lie down on a table, and they examined his abdomen and testicles. (*Id.* ¶ 8.) Plaintiff was "never informed of his right to refuse the physical examination," and he seeks $100,000 in damages "per occurrence." (*Id.* ¶ IV.)

Plaintiff distinguishes these experiences from medical examinations that he had when he was not incarcerated. In those situations, the examination was done in a private room, Plaintiff was given a gown to wear, and the doctor examined Plaintiff by moving the gown as necessary to have access to different parts of Plaintiff's body. (*Id.* ¶ 11.) (*Id.* ¶ IV.)

The January 20, 2021 order to amend informed Plaintiff that a prisoner's right to confidentiality is not absolute, *see Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63-64 (2d Cir. 2011), and that courts within this Circuit have accorded constitutional privacy protection to only a limited number of conditions that are "excruciatingly private and intimate in nature." *Id.*, 631 F.3d at 64, 69. *See also Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999) (holding that protection is generally provided to serious medical conditions that, if disclosed, are likely to provoke hostility and intolerance from others). The order further stated that a prisoner may request an exemption from medical screenings when such screenings conflict with his religious beliefs. *See Jolly v. Coughlin,* 76 F.3d 468, 474-82 (2d Cir. 1996). Finally, the Court observed that the claims arising in 2015 and 2016 appeared to be untimely. (ECF 7.)

In the amended complaint, Plaintiff asserts that under the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, no prisoner should be "required to remove any article of clothing unless determined to be medically necessary by the physician." (ECF 9 ¶ V.) Even if the statute

stood for that proposition, there is no private right of action under the PREA.[1] *See Miller v. Annucci*, No. 17-CV-4698, 2019 WL 4688539, at *10 (S.D.N.Y. Sept. 26, 2019); *McCloud v. Prack*, 55 F. Supp.3d 478, 482 (W.D.N.Y. 2014); *Green v. Martin*, 224 F. Supp. 3d 154, 170-71 (D. Conn. 2016).[2]

The facts asserted in Plaintiff's amended complaint are otherwise substantially similar to those asserted in the original pleading. Plaintiff reiterates that he was examined without privacy and without being informed that he could refuse to be examined. Plaintiff does not provide any additional facts giving rise to a viable or timely §1983 claim. The amended complaint is inadequate for the same reasons stated in the January 21, 2021 order. Plaintiff's allegations fail to state a claim on which relief can be granted, and some of his claims are untimely.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

---

[1] Plaintiff does not assert that he was asked to remove his clothing in the absence of a medically necessary reason or for any other unlawful purpose.

[2] It does not appear that the Second Circuit has addressed the issue, but other circuit courts have concluded that PREA does not provide a private right of action. *See Bowens v. Wetzel*, 674 F. App'x 133, 137 (3rd Cir. 2017) ("Bowens may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (finding that PREA does not afford a private right of action).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court of Court is directed to mail a copy of this order and note service on the docket.

SO ORDERED.

Dated:   March 15, 2021
         New York, New York

                                            *Louis L. Stanton*
                                            —————————————
                                            Louis L. Stanton
                                            U.S.D.J.